UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 1 9 2016

Trustees of the New York City District Council of
Carpenters Pension Fund, *et al.*,

               Petitioners,

            –v–

Pisgah Builders, Inc.,

               Respondent.

16-cv-2259 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    This is an action to confirm an arbitration award. On March 28, 2016, Petitioners filed a petition to confirm an arbitration award, along with supporting papers. Dkt. No. 1. The papers were served on Respondent on March 30, 2016. Dkt. No. 9. Despite a *sua sponte* extension of time from the Court, Dkt. No. 10, Respondent has neither appeared nor responded. The time for response having passed, the Court will now consider the motion to confirm the arbitration award. That motion is GRANTED.

    I.    **Arbitration Award**

    Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted). The arbitrator's decision is granted "significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case," *D.H. Blair*, 462 F.3d at 110, and a "barely colorable" justification for the arbitrator's decision

1

will suffice, *id.* Even though confirmation of the award is unopposed, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* (citation omitted).

Here, Petitioners have presented evidence through declarations and accompanying exhibits that Respondent is a member of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc., and that Respondent agreed to be bound by a collective bargaining agreement (CBA) entered into between that association and the New York City District Council of Carpenters. *See* Pet. Ex. A. The CBA required Respondent to make contributions to the Petitioners' funds for every hour worked by every employee covered by the CBA, and to furnish books and payroll records for audits. *See* Pet. Ex. B at Art. XVI. Respondent refused to submit to an audit covering the period March 26, 2014, through December 21, 2015, and Petitioners initiated arbitration under Article XVI, § 12 of the CBA. *See* Pet. ¶ 20–21 & Ex. B. The arbitrator held a hearing at which Petitioners' counsel was present and Respondent defaulted, and rendered his award in writing on December 22, 2015. Pet. ¶ 22 & Exs. D–E.

The arbitrator found Respondent in violation of the CBA for the period from March 26, 2014 through the date of his opinion for failure to permit the Petitioner funds to examine its books and records. The arbitrator determined that Respondent must pay $986,671.87 in principal damages, plus additional amounts for interest, liquidated damages, costs and fees, bringing the total award to $1,241,859.75. *See* Pet. Ex. E at 2–3.

Petitioners' uncontroverted declarations and exhibits establish that there is no genuine issue of material fact, and they are entitled to confirmation of the arbitration award as a matter of law. The exhibits show that Respondent agreed to be bound by the CBA, *see* Pet. Ex. A–B, including its arbitration provision, *see* Pet. Ex. B at Art. XVI § 12, and that Respondent received notice of the arbitration hearing, *see* Pet. Ex. D. The grounds for the arbitrator's decision can be inferred from the record, and are justifiable in light of what has been submitted.

The arbitrator's determination of damages is also entitled to deference, and there is more than the "barely colorable justification" required for confirmation. *See D.H. Blair*, 462 F.3d at

2

110. The arbitrator awarded Petitioners $986,671.87 in estimated unpaid principal, $55,4563.51 in interest, liquidated damages of $197,334.37, court costs of $400, an attorney's fee of $1,500, and an arbitrator's fee of $500, for a total of $1,241,859.75, with interest to accrue from the date of the award at a rate of 5.25%. The reasons for these awards can be inferred from the arbitrator's decision even without all of the underlying documentation in front of the court. Based on the record, that award shall be confirmed.

## II. Attorneys' Fees and Costs

Petitioners have also moved for attorneys' fees and costs. "The relevant statutes—ERISA, the LMRA, and the FAA—permit courts to award fees and costs, although they do not require that relief." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14 CIV. 1794 PAE, 2014 WL 4369087, at *4 (S.D.N.Y. Sept. 3, 2014). The Court may also award fees and costs pursuant to its equitable powers when a party "refuse[s] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997) (citation omitted). An equitable award of fees is appropriate where, as here, a party "has not abided by the arbitration award and has failed to participate in either this action or the arbitration itself." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508 ER, 2015 WL 1600077, at *4 (S.D.N.Y. Apr. 9, 2015). Moreover, Petitioners are entitled to recoup fees and costs under the CBA. Pet. Ex. B Art. XVI § 11. The Court will therefore award Petitioners reasonable attorneys' fees and costs.

While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for determining the fee. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Use of the lodestar method—by which a reasonable hourly rate is multiplied by a reasonable number of hours for this case—creates a presumptively reasonable fee. *Id.* The lodestar amount should be comparable to that received by other attorneys who perform the same

work, but may be adjusted to account for factors not already included in the lodestar calculation. *Id.* at 167. To support their requested award, Petitioners' attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Innovative Furniture*, 2015 WL 1600077, at *5.

Petitioners were represented by three associates from the law firm of Virginia & Ambinder, LLP, who billed their time at a rate of $225 per hour. Pet. ¶¶ 30–32. These rates have generally been found to be reasonable within the district. *See Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, No. 14-CV-9507 AJN, 2015 WL 5146093, at *3 (S.D.N.Y. Aug. 31, 2015); *Innovative Furniture*, 2015 WL 1600077, at *5; *Anthony Rivara*, 2014 WL 4369087, at *5.

Petitioners have indicated that the attorneys on this case performed 10.1 hours of work. This Court has previously approved as reasonable an identical amount of time spent on a very similar case. *Harbor Island*, 2015 WL 5146093, at *3. Petitioners have also applied for costs of $470, which are reasonable and adequately supported by the record. *See* Pet. ¶ 36.

Accordingly, Petitioners' application for attorneys' fees of $2,272.50 and costs of $470 is GRANTED.

### III. Conclusion

For the foregoing reasons, Petitioners' motion for confirmation of the arbitration award is GRANTED. The Clerk is directed to enter judgment in favor of Petitioners in the amount of $1,241,859.75, pursuant to the arbitration award, with prejudgment interest to accrue at the rate of 5.25% from December 22, 2015—the date of the arbitration award—through the date of judgment, and post-judgment interest as required by 28 U.S.C. § 1961. The Court also grants attorneys' fees of $2,272.50 and costs of $470.

SO ORDERED.

Dated: __Aug. 18__, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge